UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

JENNIFER FARRELL, individually and on
behalf of all others similarly situated,

                Plaintiff,

      v.

GROSSMAN & KARASZEWSKI, PLLC,
a New York PLLC, and JHPDE FINANCE I,
LLC, a Delaware LLC,

                Defendants.

———————————————————————

**CLASS ACTION
COMPLAINT**

Civ. No.

Trial by Jury is Demanded

Plaintiff, JENNIFER FARRELL (hereinafter referred to as "PLAINTIFF"), by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this Complaint against Defendants, GROSSMAN & KARASZEWSKI, PLLC ("GROSSMAN") and JHPDE FINANCE I, LLC ("JHPDE") (collectively referred to as "DEFENDANTS") and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1.     PLAINTIFF brings this action for damages arising from DEFENDANTS' violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Western District of New York.

///

## PARTIES

4.      PLAINTIFF is a natural person residing in Spencerport, New York.

5.      PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6.      PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7.      GROSSMAN is a law firm formed under the laws of New York, the principal purpose of whose business is the collection of debts, with a principal place of business at 5965 Transit Road, Suite 500, East Amherst, New York, 14051.

8.      JHPDE was formed under the laws of Delaware, the principal purpose of whose business is the collection of debts, with a principal place of business at 5757 Phantom Drive, Suite 225, Hazelwood, Missouri, 63042.

9.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another and that each DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10.     PLAINTIFF is informed and believes, and thereon alleges, that JHPDE purchases defaulted debts for the primary purpose of collecting such debts via lawsuit or otherwise.

11.     PLAINTIFF is informed and believes, and thereon alleges, that her account was in default at the time DEFENDANTS obtained the account.

12.     Upon information and belief, JHPDE oversees, approves, and/or controls GROSSMAN's collection activities.

13.     Upon information and belief, GROSSMAN is JHPDE's agent.

14.      As such, JHPDE is vicariously liable for GROSSMAN's FDCPA violations.

///

2

## STATEMENT OF FACTS

15.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 14 inclusive, above.

16.     On or about June 14, 2018, GROSSMAN, on behalf of its client, JHPDE, mailed a letter to PLAINTIFF on its letterhead, a true and correct copy of which is attached as **Exhibit 1**.

17.     Upon information and belief, no attorney at the firm was meaningfully involved in the drafting of this letter.

18.     Upon information and belief, GROSSMAN employs over 50 individuals, only 9 of whom are attorneys.

19.     Upon information and belief, the overwhelming majority of GROSSMAN's employees are non-attorney debt collectors.

20.     Upon information and belief, this letter is a form letter that was mass-produced by a non-attorney debt collector working at GROSSMAN's firm.

21.     Upon information and belief, GROSSMAN is one of the largest debt collection law firms in western New York.

22.     Upon information and belief, the letter attached as Exhibit 1 is a form letter that GROSSMAN sent to hundreds of other New York consumers.

23.     Upon information and belief, prior to mailing the letter, no attorney in the firm reviewed any specific information regarding PLAINTIFF's individual account, including, but not limited to: original creditor contract, date of last delinquency, calculation of amounts allegedly owed (including late fees and interest), date of last payment, information regarding the legal structure of JHPDE and its state of formation, documentation purporting to show a valid assignment to JHPDE, documentation showing any prior assignments from the original creditor to

another creditor, itemization of payments made, and any other information necessary to form a professional legal opinion about PLAINTIFF's account.

24.    Upon information and belief, no attorney in the firm reviewed sufficient information necessary to form a professional legal opinion about PLAINTIFF's account.

25.    This belief is reinforced by the inaccuracies in the letter: GROSSMAN states the date of last payment as September 11, 2017, which is false.

26.    On or about July 26, 2018, GROSSMAN filed a lawsuit against PLAINTIFF on behalf of its client JHPDE. *JHPDE Finance I, LLC v. Jennifer Farrell*, Index No. E2018005838 (Sup. Ct. Monroe Co. 2018), a true and correct copy of which is attached as **Exhibit 2**.

27.    In the lawsuit, GROSSMAN states that JHPDE is "organized by the laws of California," which is also false: JHPDE was formed under the laws of Delaware. *Id.*

28.    In the lawsuit, GROSSMAN states that "$10,855.00 is now due and owing." *Id.*

29.    Attached to the lawsuit is a document purporting to be the final statement on PLAINTIFF's account, showing a balance of $10,985.03.

30.    Such inaccuracies and inconsistencies in the lawsuit further reinforce the belief that no attorney at the firm reviewed sufficient information to form a professional legal opinion about PLAINTIFF's account.

## CLASS ACTION ALLEGATIONS

31.    PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 30 inclusive, above.

32.    PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis.

PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following class:

    a.  A class consisting of consumers who:

        i.  Reside in New York; and

        i.  Within one year prior to the filing of this action;

        ii.  Were sent a collection letter from GROSSMAN in substantially the same form as Exhibit 1;

        iii.  Where GROSSMAN was collecting on behalf of JHPDE.

33.      PLAINTIFF does not know the exact size or identities of the class, as DEFENDANTS maintain exclusive control of such information. PLAINTIFF believes that the class includes between 100 and 500 individuals whose identities can be readily determined from DEFENDANTS' business records. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

34.      All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

    a.  Whether GROSSMAN's letter violated 15 U.S.C. § 1692e by not disclosing that no attorney had been meaningfully involved in the drafting of the letter;

    b.  The identities of individuals who received a substantially similar collection letter from GROSSMAN;

    c.  The nature of the relationship between GROSSMAN and JHPDE; and

    d.  The total number of collection letters that GROSSMAN mailed to consumers.

35.      PLAINTIFF's claims are typical of the claims of the class and do not conflict with

the interests of any other class members.  PLAINTIFF and the members of the class were uniformly subjected to the same conduct.

36.    Upon information and belief, DEFENDANTS have a practice and policy of intentionally and systematically sending collection letters to consumers that do not disclose that no attorney had been meaningfully involved in the drafting of the letter.

37.    PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation.  PLAINTIFF's counsel's firm, DOUGLAS FIRM, P.C., focuses on prosecuting FDCPA lawsuits.  PLAINTIFF's counsel, Alexander J. Douglas, also has experience in advising debt collectors on defending FDCPA claims.

38.    PLAINTIFF is committed to vigorously pursuing her claims.

39.    A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA.  *See* 15 U.S.C. § 1692k.  The members of the class are generally unsophisticated consumers whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

40.    A class action regarding the issues in this case does not create any problems of manageability.

41.    If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

///

///

6

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e, e(3)
### BROUGHT BY PLAINTIFF INDIVIDUALLY
### AND ON BEHALF OF THE CLASS

42.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 41 inclusive, above.

43.     A debt collector is prohibited from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.

44.     A debt collector is further prohibited from representing or implying "that any individual is an attorney or that any communication is from an attorney."  15 U.S.C. § 1692e(3).

45.     The "use of an attorney's signature on a collection letter implies that the letter is 'from' the attorney who signed it; it implies, in other words, that the attorney directly controlled or supervised the process through which the letter was sent."  *Clomon v. Jackson*, 988 F.2d 1314, 1321 (2d Cir. 1993).

46.     It further implies, "*at least in the absence of language to the contrary--that the attorney signing the letter formed an opinion about how to manage the case of the debtor to whom the letter was sent.*"  *Id.* (emphasis added).

47.      "[A] letter sent on law firm letterhead, standing alone, does represent a level of attorney involvement to the debtor receiving the letter."  *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 364 (2d Cir. 2005).

48.     "And if the attorney or firm had not, in fact, engaged in that implied level of involvement, the letter is, therefore, misleading within the meaning of the FDCPA."  *Id.*

49.     On or about June 14, 2018, GROSSMAN, on behalf of its client, JHPDE, mailed a letter to PLAINTIFF on its letterhead.  Ex. 1.

50.    Upon information and belief, no attorney at the firm was meaningfully involved in the drafting of this letter.

51.    Upon information and belief, GROSSMAN employs over 50 individuals, only 9 of whom are attorneys.

52.    Upon information and belief, most of GROSSMAN's employees are non-attorney debt collectors.

53.    Upon information and belief, this letter is a form letter that was mass-produced by a non-attorney debt collector working at GROSSMAN's firm.

54.    Upon information and belief, GROSSMAN is one of the largest debt collection law firms in western New York.

55.    Upon information and belief, the letter attached as Exhibit 1 is a form letter that GROSSMAN sent to hundreds of other New York consumers.

56.    Upon information and belief, prior to mailing the letter, no attorney in the firm reviewed any specific information regarding PLAINTIFF's individual account, including, but not limited to: original creditor contract, charge-off statement, date of last delinquency, calculation of amounts allegedly owed (including late fees and interest), date of last payment, information regarding the legal structure of JHPDE and its state of formation, documentation purporting to show a valid assignment to JHPDE, documentation showing any prior assignments from the original creditor to another creditor, itemization of payments made, and any other information necessary to form a professional legal opinion about PLAINTIFF's account.

57.    Upon information and belief, no attorney in the firm reviewed sufficient information necessary to form a professional legal opinion about PLAINTIFF's account.

58.     Upon information and belief, no attorney at the firm was meaningfully involved in the drafting of this form letter.

59.     The inaccuracies and inconsistencies employed by GROSSMAN (including the false date of last payment in the letter and the false statement that JHPDE was formed under the laws of California in the lawsuit) reinforce the belief that no attorney at the firm reviewed sufficient information to form a professional legal opinion about PLAINTIFF's account.

60.     This letter does not contain a disclosure identifying that "at this time, no attorney with this firm has personally reviewed the particular circumstances of your account." *Id.* at 366.

61.     By falsely implying that an attorney with GROSSMAN engaged in an implied level of meaningful involvement, GROSSMAN used a misleading communication, and therefore violated 15 U.S.C. § 1692e.

62.     Similarly, by not accurately disclosing the extent of attorney involvement at the time of mailing the letter, GROSSMAN violated 15 U.S.C. § 1692e(3).

63.     As a result of the FDCPA violations by GROSSMAN, PLAINTIFF is entitled to an award of statutory damages.

64.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

65.     Upon information and belief, JHPDE directs and oversees the collection efforts of GROSSMAN, including the approval of this form collection letter.

66.     GROSSMAN is JHPDE's agent.

67.     As such, JHPDE is vicariously liable for GROSSMAN's FDCPA violations.

68.    PLAINTIFF has suffered the concrete injury of being deprived of her right to not receive communications from debt collectors that contain material misrepresentations, and she therefore has standing for the purposes of Article III.

## SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e
### BROUGHT BY PLAINTIFF INDIVIDUALLY

69.    PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 68 inclusive, above.

70.    A debt collector is prohibited from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

71.    On or about June 14, 2018, GROSSMAN, on behalf of its client, JHPDE, mailed a letter to PLAINTIFF on its letterhead. Ex. 1.

72.    In the letter, GROSSMAN states the date of last payment as September 11, 2017, which is false.

73.    By falsely stating that the date of last payment was September 11, 2017, GROSSMAN violated 15 U.S.C. § 1692e.

74.    As a result of the FDCPA violations by GROSSMAN, PLAINTIFF is entitled to an award of statutory damages.

75.    It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

76.    Upon information and belief, JHPDE directs and oversees the collection efforts of GROSSMAN, including the approval of this form collection letter.

77.    GROSSMAN is JHPDE's agent.

78.    As such, JHPDE is vicariously liable for GROSSMAN's FDCPA violations.

79.     PLAINTIFF has suffered the concrete injury of being deprived of her right to not receive communications from debt collectors that contain material misrepresentations, and she therefore has standing for the purposes of Article III.

## THIRD CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e, e(2)(A)
### BROUGHT BY PLAINTIFF INDIVIDUALLY

80.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 79 inclusive, above.

81.     A debt collector is prohibited from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.

82.     Debt collectors are further prohibited from misrepresenting the amount of the debt.  15 U.S.C. § 1692e(2)(A).

83.     On or about July 26, 2018, GROSSMAN filed a lawsuit against PLAINTIFF on behalf of its client JHPDE.  *JHPDE Finance I, LLC v. Jennifer Farrell*, Index No. E2018005838 (Sup. Ct. Monroe Co. 2018).  Ex. 2.

84.     In the lawsuit, GROSSMAN states that JHPDE is "organized by the laws of California," which is false: JHPDE was formed under the laws of Delaware.  *Id.*

85.     By falsely stating that JHPDE was formed under the laws of California, GROSSMAN used a false, deceptive, or misleading representation, in violation of 15 U.S.C. § 1692e.

86.     In the lawsuit, GROSSMAN states that "$10,855.00 is now due and owing."  *Id.*

87.     Attached to the lawsuit is a document purporting to be the final statement on PLAINTIFF's account, showing a balance of $10,985.03.

11

88.     By stating that the alleged debt was $130.03 less than the amount showed on the credit card statement, GROSSMAN used a false, deceptive, or misleading representation, in violation of 15 U.S.C. § 1692e.

89.     By misrepresenting the amount of the debt, GROSSMAN also violated 15 U.S.C. § 1692e(2)(A).

90.     As a result of the FDCPA violations by GROSSMAN, PLAINTIFF is entitled to an award of statutory damages.

91.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

92.     Upon information and belief, JHPDE directs and oversees the collection efforts of GROSSMAN.

93.     GROSSMAN is JHPDE's agent.

94.     As such, JHPDE is vicariously liable for GROSSMAN's FDCPA violations.

95.     PLAINTIFF has suffered the concrete injury of being deprived of her right to not receive communications from debt collectors that contain material misrepresentations, and she therefore has standing for the purposes of Article III.

## DEMAND FOR JURY TRIAL

96.     Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF's favor, and that judgment be entered against DEFENDANTS for the following:

(1)     For statutory damages awarded to PLAINTIFF, not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from each DEFENDANT;

(2)     For certification of the class;

(3)     For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. §

1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum

(1%) of the net worth of JHPDE;

(4)     For reasonable attorneys' fees for all services performed by counsel in connection

with the prosecution of these claims;

(5)     For reimbursement for all costs and expenses incurred in connection with the

prosecution of these claims; and

(6)     For any and all other relief this Court may deem appropriate.

Dated:  Rochester, New York.
        August 21, 2018

                              Respectfully Submitted,

                              **DOUGLAS FIRM, P.C.**

                              /s/ Alexander J. Douglas

                              ALEXANDER J. DOUGLAS
                              New York Bar No. 5343892
                              36 West Main Street, Ste 500
                              Rochester, NY  14614
                              Tel: (585) 568-2224
                              Fax: (585) 546-6185
                              alex@lawroc.com